**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                 :          PENNSYLVANIA
              Appellee          :
                                                :
                  v.                :
                                                  :
DEREK MATTHEW MCELLIGOTT       :
                                                :
            Appellant        :        No. 613 MDA 2017

Appeal from the Judgment of Sentence January 23, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0002729-2016

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:           **FILED SEPTEMBER 26, 2017**

Appellant, Derek Matthew McElligott, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following his jury trial convictions of fleeing or attempting to elude a police officer, possession of drug paraphernalia, and driving under the influence of alcohol—third offense, and his bench trial summary offense convictions of periods for requiring lighted lamps, duties at stop sign, and failure to stop at a red signal.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to

---

[1] 75 Pa.C.S.A. § 3733(a); 35 P.S. § 780-113(a)(32); 75 Pa.C.S.A. §§ 3802(a)(1), 4302(a)(1), 3323(b), 3112(a)(3)(i), respectively.

restate them. We clarify only that the court sentenced Appellant on January 23, 2017, to an aggregate term of one hundred nineteen (119) days to two (2) years' imprisonment, followed by twelve (12) months' probation. Appellant timely filed a post-sentence motion on January 26, 2017, which the court denied on March 8, 2017. On April 6, 2017, Appellant timely filed a notice of appeal, and the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant timely complied on April 26, 2017.

Appellant raises two issues for our review:

> WHETHER THE EVIDENCE WAS INSUFFICIENT TO SHOW THAT [APPELLANT] WAS THE DRIVER OF THE CAR IN QUESTION BECAUSE THE COMMONWEALTH NEVER IDENTIFIED THE DRIVER, DID NOT DETERMINE IF THERE WAS A PASSENGER IN THE SEDAN, AND LEFT SEVERAL QUESTIONS UNRESOLVED?
>
> WHETHER THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN [APPELLANT'S] CONVICTION FOR POSSESSION OF DRUG PARAPHERNALIA BECAUSE THE COMMONWEALTH FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] EVER USED OR INTENDED TO USE PARAPHERNALIA—A SINGLE WAX PAPER PACKET—WHERE THE PACKET WAS EMPTY, IT WAS NEVER TESTED FOR RESIDUE, AND NO DRUGS WERE FOUND ON [APPELLANT] OR ON THE SCENE?

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Christy H. Fawcett, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions

- 2 -

presented. (*See* Trial Court Opinion, filed May 23, 2017, at 7-13) (finding: **(1)** Commonwealth presented dashboard video footage at trial of person driving gray Nissan without headlights illuminated; driver did not comply with police call to stop; instead, driver ran multiple stop signs and stop lights at high speed; Officer Woodring pursued vehicle and saw only one occupant inside; Officer Wooding discontinued pursuit for safety reasons; police located vehicle two minutes later and observed it had crashed; police found Appellant with his hands up, standing next to open driver-side door of wrecked vehicle; Appellant was alone and no other doors were open; crash occurred late at night in industrial area; police saw no other civilians in area; Appellant was covered in dust with bleeding cut on his face, consistent with being involved in car accident; there was sufficient circumstantial evidence for jury to conclude Appellant was driver of vehicle; **(2)** Officer Kling is experienced drug investigator who testified about characteristics of wax paper packet found on Appellant's person; Officer Kling stated he had not ever seen that type of bag "used for any other purpose but to contain heroin"; evidence was sufficient to sustain verdict[2]). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

_____

[2] Officer Kling further testified that the wax paper found on Appellant had "specific folds" that were indicative of heroin packaging. (*See* N.T., 11/10/17, at 107-109).

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/26/2017